IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CEDRIC GREENE                                                                                          PLAINTIFF

v.                        Civil No. 5:26-cv-05045-TLB

HOPE THE MISSION                                                                                DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Cedric Greene, ("Greene"), filed this action alleging an intentional tort claim against Hope the Mission, a shelter in California. (ECF No. 1). Greene proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint under 28 U.S.C. § 1915(e)(2).

### I.    BACKGROUND

Greene filed his Complaint on February 18, 2026. (ECF No. 1). In his Complaint Greene alleges that Hope the Mission is a homeless agency in Los Angeles California that took over operations of a shelter that Greene already resided at. (ECF No. 1, p. 4). Greene alleges that Hope the Mission turned the lights out completely in the sleeping area during nighttime hours, whereas most shelters generally have dim lights during the nighttime for a host of emergency reasons. *Id*. Greene alleges their actions give rise to claims of tort and negligence because this is a safety issue. *Id*. Greene alleges that the lack of lights continued throughout his Consumer Complaint process, which went unanswered and was finalized and closed on the date of August 12, 2025. *Id*. Greene

1

alleges diversity jurisdiction but also asserts that both he and Hope the Mission are currently citizens of California and does not state an amount in controversy. (ECF No. 1).

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## III.  DISCUSSION

While Greene has not cited to any specific statutes or constitutional rights that he feels

2

were violated, the Court must first address the apparent lack of jurisdiction.

Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Tel. Co. v. Connect Commc'ns Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "[F]ederal question jurisdiction . . . grants federal district courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Ltd.*, 843 F.3d 325, 328 (8th Cir. 2016). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original)). If it appears that jurisdiction is lacking, the Court will raise the issue sua sponte. *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006).

Hope the Mission is a non-profit organization which is headquartered in Sun Valley in California.[1] Greene's current address is in Los Angeles, California. While Greene states that he has family ties to Arkansas, and plans to move to Arkansas, he does not indicate that he currently is a citizen of Arkansas or any state other than California. Moreover, Greene has not alleged any damages, indicating he planned to list monetary damages at a future date. Therefore, Greene has not established diversity jurisdiction under 28 U.S.C. § 1332.

---

1 https://hopethemission.org/financials/ (Accessed February 18, 2026).

Federal question jurisdiction requires that the civil action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, Plaintiff has not specifically alleged a violation of any specific Constitutional right, or federal law. Reading the complaint broadly it appears that Plaintiff believes Hope the Mission has committed a tort, potentially a tort of negligence with regard to ensuring safe conditions at the shelter.

The Court has considered whether the stated facts give rise to either diversity or federal question jurisdiction. Even read broadly, Greene has not stated a claim over which this Court has jurisdiction.

## IV.    CONCLUSION

For these reasons, it is recommended that Greene's case be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

**Status of Referral: Entry of this Report and Recommendation terminates the referral.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 18th day of February 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE